UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JASON JINKS | CIVIL ACTION NO. 08-432 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LA DEPT OF PUBLIC SAFETY & CORRECTIONS, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 16) filed by two of the defendants, the State of Louisiana, through the Department of Public Safety and Corrections ("the State"), and Billie Jamison ("Jamison"). Specifically, the State and Jamison move for dismissal of plaintiff Jason Jinks' ("Jinks") Louisiana state law claims on the grounds that Jinks did not exhaust his administrative remedies prior to filing the instant lawsuit. Jinks opposed the motion. See Record Document 23. For the reasons which follow, the Motion for Summary Judgment is **GRANTED** and Jinks' Louisiana state law claims against the State and Jamison are **DISMISSED WITHOUT PREJUDICE**.

**I.     BACKGROUND.**

Jinks was an inmate confined in the custody of the Bossier Parish Sheriff's Office at all times relevant to the instant matter. Jamison was employed by the Department of Public Safety and Corrections as an Adult Reception and Diagnostic Center Supervisor at all times relevant to the instant matter.

As to the State and Jamison, Jinks seeks damages for wrongful/false imprisonment under Louisiana Civil Code Article 2315.[1] See Record Document 1-2 at ¶¶ 3, 30-31. This

---

[1] Jinks' Section 1983 claim against Jamison has been dismissed.

Louisiana state law negligence claim arises out of Jinks' allegation that he was unlawfully incarcerated because of an erroneous calculation of his release date. Jinks also contends that the State is vicariously liable for the actions of its agent, Jamison. See id. at ¶ 32.

Specifically, Jinks alleges that on September 27, 2005, he was arrested in Bossier Parish and charged with possession of methamphetamine. See id. at ¶ 4. On September 25, 2007, he entered a plea of guilty in and was sentenced to a term of three years hard labor with credit for time served. See id. at ¶ 5.

While in Bossier Parish custody as a result of the methamphetamine conviction, Jinks alleges that he received notice that he had been charged in Caddo Parish with a probation violation. See id. at ¶ 9. He plead guilty to the charge of probation violation and was sentenced to three years hard labor to run concurrently with his Bossier Parish sentence for possession of methamphetamine. See id. at ¶ 11.

Jinks further alleges that Jamison was responsible for the computation of his release date on behalf of the Department of Public Safety and Corrections. See id. at ¶ 7. He contends that Jamison's release date computation of January 9, 2008 was erroneous. See id. at ¶ 13. Instead, he maintains that he should have been released on February 16, 2007. See id.

On October 1, 2007, Jinks' girlfriend made several telephone calls to the Department of Public Safety and Corrections concerning Jinks' release date computation. See id. at ¶ 28. Jinks contends that as a result of this inquiry, he was released on October 2, 2007. See id. at ¶ 29.

Both the Bossier Parish Sheriff's Office and the Department of Public Safety and Corrections had an administrative remedy procedure in place for inmates to file a grievance

to request an administrative remedy. See Record Document 16, Exhibits 1 & 2. Jinks did not use either the Bossier Parish Sheriff's Office or the Department of Public Safety and Corrections' administrative remedy process to request a remedy as to the claims asserted in this lawsuit. See id.

Jinks argues that there were no procedures in place to obtain relief from an improperly calculated release date; the method and means of any such administrative procedures were not made known to the inmates; and that such administrative procedures were not available to him because he was no longer an inmate at the time this instant lawsuit was filed. See Record Document 23-2.

The State and Jamison have filed a Motion for Summary Judgment, seeking dismissal of Jinks' state law claims on the grounds that he did not exhaust his administrative remedies in relation to these claims prior to the filing of the instant lawsuit.

## II.     LAW AND ANALYSIS.

### A.     Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

Stall v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

### B. Exhaustion of Administrative Remedies.

Louisiana Revised Statute 15:1171(A) grants authority to the Department of Public Safety and Corrections and each sheriff to adopt administrative remedy procedures in compliance with federal law to receive, hear, and dispose of all offender complaints and grievances. See Williams v. Creed, 2007-0614 (La.App. 1 Cir. 12/21/07), 978 So.2d 419, 422. Section 1171 further provides that such complaints and grievances include actions pertaining to time computations. See id., citing La. R.S. 15:1171(B). The administrative remedy procedure is to provide the *exclusive remedy* to the offender for complaints governed thereby. See id. (emphasis added). Thus, a prisoner alleging an error in computation of time must pursue his claim through the administrative remedy procedure. See id.

Jinks's argument that there were no administrative procedures in place to obtain relief from an improperly calculated release date fails as a matter of law. The plain language of Section 1171(b) states that the administrative remedy procedure applies to "complaints and grievances . . . seeking monetary, injunctive, declaratory, or any other form

of relief authorized by law and by way of illustration includes actions pertaining to . . . ***time computations***." La. R.S. 15:1171(B) (emphasis added). Further, Jinks' has provided no legal authority or competent summary judgment evidence to support his argument that an "offender" is somehow excused from the administrative remedy procedures set forth in Section 1171 if he is unaware or ignorant of the grievance procedure.

Jinks' argument that the aforementioned administrative procedures were not available to him because he was no longer an inmate at the time this instant lawsuit was filed likewise fails as a matter of law. Section 1171(B) refers to all complaints and grievances by adult offenders which arise while an offender is within the custody or under the supervision of the department or a sheriff. See La. R.S. 15:1171(B). The statute further provides:

> [S]tatus as an "offender" is determined as of the time the basis for a complaint or grievance arises. Subsequent events, including posttrial judicial action or release from custody, shall not affect status as an "offender" for the purposes of this Part.

La. R.S. 15:1171(D). Thus, Jinks' status as an "offender" is determined as of the time that he was allegedly not released from custody timely, i.e., in early 2007. His subsequent release from custody on October 2, 2007 did not affect his status as an offender.

The Court finds that the undisputed record evidence establishes that Jinks did not exhaust the administrative remedies relating to the alleged miscalculation of his release date prior to the filing of the instant lawsuit. Accordingly, the Motion for Summary Judgment filed by the State and Jamison is **GRANTED**.[2]

---

[2]The vicarious liability claim against the State is likewise dismissed. Under Louisiana law, the vicarious liability of an employer must be measured by the liability of the employee. See Quebedeaux v. Dow Chemical Co., 2001-2297 (La. 6/21/02), 820 So.2d

### III. CONCLUSION.

Based on the foregoing, the Motion for Summary Judgment (Record Document 16) is **GRANTED** and Jinks' state law claims against the State and Jamison are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 26th day of October, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

542, 547. Here, Jamison is not liable and there is no vicarious responsibility to impose upon the State. See id.